IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RODNEY E. FOSTER                                                                   PLAINTIFF

v.                      Civil No. 5:19-cv-05047

SHERIFF TIM HELDER, Washington
County, Arkansas; and SMART JAIL, INC.                         DEFENDANTS

**OPINION AND ORDER**

Rodney E. Foster filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.* Plaintiff is incarcerated in the Washington County Detention Center ("WCDC"). The Plaintiff names as Defendants Sheriff Tim Helder and Smart Jail, Inc. ("Smart Jail").

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks to proceed *in forma pauperis*. 28 U.S.C. § 1915A(a). The Court must determine whether the Complaint should be served on the Defendants.

## I.     BACKGROUND

According to the allegations of the Complaint (ECF No. 1), Smart Jail was allowed to place cameras in the barracks. According to Plaintiff, the cameras were placed in such a way that they recorded the inmates while they were in the shower.

Plaintiff indicates he has also asserted an official capacity claim. When asked to describe the custom or policy that caused the violation of his constitutional rights, Plaintiff alleges Sheriff Helder failed to give minimal oversight to private contractors thereby allowing the Plaintiff's privacy rights to be violated.

As relief, Plaintiff asks for compensatory and punitive damages. He also asks that the camera

angles be changed so that other inmates do not get filmed while in the shower.

## II. LEGAL STANDARD

Under the PLRA, the Court must screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

However, mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

## III. DISCUSSION

Plaintiff claims that the placement of video recording surveillance cameras in such a way as to allow the recording of inmates in the showers violates his right to privacy under the Fourth Amendment. It is true that prisoners' constitutional rights survive incarceration; however, these rights are subject to the requirements of order and security. *Pell v. Procunier*, 417 U.S. 817, 823 (1974).

Prisoners are "accorded those rights not fundamentally inconsistent with imprisonment itself or incompatible with the objectives of incarceration." *Hudson v. Palmer*, 468 U.S. 517, 523 (1984)(citation and internal quotation marks omitted).

>In *Hudson*, the Court discussed a prisoner's right to privacy.[1] The Court stated:
>
>A prison shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room. We strike the balance in favor of institutional security, which we have noted is central to all other corrections goals. A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order. We are satisfied that society would insist that the prisoner's expectation of privacy always yield to what must be considered the paramount interest in institutional security. We believe that it is accepted by our society that loss of freedom of choice and privacy are inherent incidents of confinement.

*Id.*, 486 U.S. at 527-28 (citations and internal punctuation marks omitted).

It has been held that visual surveillance by guards of both sexes is reasonable and necessary to promote inmate security. *Timm v. Gunter*, 917 F.2d 1093, 1101-02 (8th Cir. 1990). The Eighth Circuit stated that "[w]hatever minimal intrusions on an inmate's privacy may result from such surveillance, whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety." *Id.* at 1102. In *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002), the Fifth Circuit found that "constant surveillance, even cross-sex surveillance, of prisoners is constitutional because it is reasonably related to the penological interest of maintaining security." *Id.* at 745-46. It noted that comprehensive surveillance increased the overall security of the prison while minimizing inmate-on-inmate violence and sexual assaults. *Id.* at 746. *See also Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir. 1995)("Cells and showers are designed so that guards can see in, to prevent violence and other offenses. Prisoners dress, undress, and bathe under watchful

---

[1] Damages would also be limited in any such recovery because of the physical injury requirement found in 42 U.S.C. § 1997e(e). This provision prohibits a prisoner from receiving compensatory damages for mental or emotional distress in the absence of a physical injury. *See Royal v. Kautzky*, 375 F.3d 720 (8th Cir. 2004).

eyes. Guards roaming the corridors are bound to see naked prisoners"); *Telesford v. Annucci*, 693 F. Appx. 1, 2-4 (2nd Cir. 2017)("Because Telesford had no expectation of privacy and prison officials had a sufficient security justification for visually monitoring prison showers, and because no abusive use of the recording is alleged, Telesford cannot state a Fourth Amendment claim based on the alleged recording of what was permissibly seen).

The fact that the video surveillance system at issue here also records does not create a privacy interest where none exists under the Constitution. Plaintiff has not alleged that the recordings were used in an abusive, unlawful, or unconstitutional manner.

## IV. CONCLUSION

For the reasons stated, no plausible claim is stated. This case is **DISMISSED WITHOUT PREJUDICE** on the grounds that Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

The dismissal of this action counts as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk is directed to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED on this 17th day of April 2019.

*/s/ P.K. Holmes, III*
P. K. HOLMES, III
U.S. DISTRICT JUDGE